IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| LIBERTY CORPORATE CAPITAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: _____ |
| | ) | |
| INDOOR RANGE OPERATING COMPANY, | ) | |
| LLC, BURGANDY PARK ASSOCIATES, LLC, | ) | |
| CHARLES GILBERT d/b/a GILBERT INDOOR | ) | |
| RANGE, GILBERT INDOOR RANGE, LLC | ) | |
| and SALEENA GILLIARD | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Plaintiff Liberty Corporate Capital ("Liberty"), by and through counsel, and files this Complaint for Declaratory Judgment against Indoor Range Operating Company, LLC ("Indoor"), Burgundy Park Associates, LLC ("Burgundy"), Gilbert Indoor Range, LLC ("Gilbert"), Charles Gilbert d/b/a Gilbert Indoor Range ("Mr. Gilbert") and Saleena Gilliard (the "Underlying Plaintiff"), as follows:

1.

This insurance coverage declaratory judgment action arises out of claims that Gilbert is entitled to a defense and indemnity in connection with an underlying action styled *Saleena Gillard v. Gilbert Indoor Range, LLC*, Case No. CAL13-1705, pending in the Circuit Court for Prince George's Island, Maryland (the "Underlying Action") and as a consequence of the claims of the Underlying Plaintiff. Liberty understands that Gilbert has moved to dismiss or, in the alternative, to transfer venue in the Underlying Action.

426378.1

2.

Liberty subscribed to policy no. L201212166, issued to Indoor, Burgundy, and Mr. Gilbert for the period of August 20, 2012 through August 20, 2013 (the "Policy"), a true and correct copy of which is attached hereto as Exhibit "A".

3.

Liberty has offered to provide Gilbert with a defense to the Underlying Action subject to a Bilateral Reservation of Rights and Non-Wavier Agreement.

4.

Liberty respectfully requests a judicial determination that it has no obligation to defend or indemnify Gilbert in the Underlying Action for some or all of the Underlying Plaintiff's claims. This declaratory judgment action is based upon the terms, conditions, and exclusions of the Policy.

## THE PARTIES

5.

Liberty is a corporation organized and existing under the laws of England and Wales with its principal place of business in the United Kingdom.  For the purposes of diversity, Liberty is a United Kingdom citizen.

6.

Upon information and belief, Indoor is a corporation organized and existing under the laws of Maryland with its principal place of business in Rockville, Maryland.  Indoor may be served through its registered agent, Charles Gilbert, at 14690 Rothgeb Drive, Rockville, Maryland 20850.  For the purposes of diversity, Indoor is a Maryland citizen.

426378.1

7.

Upon information and belief, Burgundy is a corporation organized and existing under the laws of Maryland with its principal place of business in Rockville, Maryland. Burgundy may be served through its registered agent, Charles Gilbert, at 14690 Rothgeb Drive, Rockville, Maryland 20850. For the purposes of diversity, Burgundy is a Maryland citizen.

8.

Upon information and belief, Gilbert is a limited liability company organized and existing under the laws of Maryland with its principal place of business in Rockville, Maryland. Gilbert may be served through its registered agent, Bryan Gossard, at 14690 Rothgeb Drive, Rockville, MD 20850. For the purposes of diversity, Gilbert is a Maryland citizen.

9.

Upon information and belief, Mr. Gilbert is a resident of Montgomery County, Maryland and can be served personally at 14690 Rothgeb Drive, Rockville, MD 20850. For the purposes of diversity, Mr. Gilbert is a Maryland citizen.

10.

Upon information and belief, the Underlying Plaintiff is a resident of Prince George's County, Maryland and can be served with a copy of the Summons and Complaint at 410 Warfield Drive, Hyattsville, Maryland 20785. For the purposes of diversity, the Underlying Plaintiff is a Maryland citizen.

## JURISDICTION AND VENUE

### 11.

Liberty files this action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

### 12.

This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a)(1). The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000).

### 13.

There is complete diversity of citizenship between Plaintiff and Defendants.

### 14.

Venue in this District is proper under 28 U.S.C. § 1391(b)(1) and (2).

### 15.

This Court has personal jurisdiction over all Defendants.

### 16.

An actual case and controversy of a justiciable nature exists between the parties involving their rights and obligations, if any, under the Policy. Liberty is uncertain as to its obligations under the Policy, if any, and Gilbert's rights and status under the Policy. Liberty is, therefore, entitled to bring this declaratory judgment action in this Court.

426378.1

## THE UNDERLYING ACTION

### 17.

On or about June 26, 2013 the Underlying Plaintiff filed the Underlying Action naming Gilbert as the defendant.  The Underlying Plaintiff's attorney informed Gilbert of her claim against it in October 2012.

### 18.

The Underlying Action alleges that the Underlying Plaintiff visited Gilbert's shooting range on September 26, 2012.  The Underlying Plaintiff allegedly took a training class in which she watched a beginner's safety video and a live demonstration regarding the proper handling of a firearm.  The Underlying Plaintiff alleges that, after the class, Gilbert and/or its employees provided her with protective headphones, which she put over her ears prior to entering the shooting range.

### 19.

The Underlying Plaintiff alleges she was not instructed by Gilbert and/or its employees that she must pull her hair back for the protective headphones to work properly.  The Underlying Plaintiff alleges it is "well known" in the shooting range industry that headphones will not properly seal around long hair; as a result, long hair must be pulled back to ensure protective headphones work properly.  The Underlying Action alleges that, because the Underlying Plaintiff was not instructed regarding this fact, she did not pull her hair back and her long hair blocked the air seal on the protective headphones.

5

20.

The Underlying Action further alleges that the Underlying Plaintiff shot various firearms for the next hour after the training course in the presence of a Gilbert's trainer, and when she left the shooting range, the Underlying Plaintiff allegedly felt faint, "as though her equilibrium was off."

21.

The Underlying Plaintiff reportedly sought treatment and was allegedly diagnosed with "noise induced sensorineural hearing loss." The Underlying Plaintiff allegedly has been informed that the hearing loss likely will be permanent.

22.

The Underlying Action asserts that Gilbert was negligent, careless, and reckless in failing to instruct the Underlying Plaintiff regarding the proper way to wear protective headphones, which resulted in her injury and permanent impairment, caused her to incur medical bills and pain and suffering, and rendered her unable to work in her usual occupation, resulting in lost wages. The Underlying Plaintiff seeks $500,000 in damages from Gilbert.

23.

Liberty explained in a letter dated July 23, 2013 that it would agree to defend Gilbert against the Underlying Lawsuit pursuant to a Bilateral Reservation of Rights and Nonwaiver Agreement. A true and correct copy of this letter is attached hereto as Exhibit "B".

426378.1

**THE POLICY**

24.

An application for insurance covering Indoor, Burgundy, and Mr. Gilbert was submitted to procure insurance coverage (the "Application").   Upon information and belief, this Application was submitted in 2008.

25.

The Application contained the following question:

Do you operate a firing range open to the public?

In response to this question "No" is checked.

26.

The Policy states:

By accepting this policy, you agree:

a.  The statements in the Declarations are accurate and complete;
b.  Those statements are based upon representations that you made to us; and
c.  We have issued this policy in reliance on your representations.

Exhibit "A" at LRS CG0001A NRA 04 07, p. 15 of 21.

27.

Based on information provided in the Application and in reliance thereon, Liberty subscribed to the Policy to the Indoor, Burgundy, and Mr. Gilbert for the period August 20, 2012 to August 20, 2013.

28.

The Policy contains the following exclusion for injuries resulting from firearms instruction:

7

426378.1

This insurance does not apply to:

\* \* \*

6.   "Bodily injury"...due to the rendering or failure to render a professional service related to the following:

    a. Firearms Instruction
    b. Self Defense Instruction
    c. Refuse to be a Victim Instruction

*Id.* at LRS CG0001A NRA 04 07, pp. 8-10 of 21.

29.

The Policy excludes punitive damages from coverage, as follows:

This insurance does not apply to:

\* \* \*

Punitive, exemplary, special or consequential damages or the multiple portion of any damages award.

*Id.* at LRS CG0001A NRA 04 07, p. 10 of 21.

30.

The Policy requires that Liberty be notified as soon as practicable of any claim made against an insured, as follows:

2.  Duties In The Event Of Occurrence, Offense, Claim or Suit

    a.  You must see to it that we are notified as soon as practicable of an "occurrence" or offense which may result in a claim.

\* \* \*

    b.  If a claim is received by any insured, you must:

        (1)   Immediately record the specifics of the claim and the date received; and

8

(2)   Notify us as soon as practicable.

You must see to it that we receive written notice of the claim as soon as practicable.

*Id.* at LRS CG0001A NRA 04 07, p. 14 of 21.

31.

The Policy excludes "'[b]odily injury'… expected or intended from the standpoint of the insured." *Id.* at LRS CG0001A NRA 04 07, p. 2 of 21.

32.

The Policy further contains the following exclusion regarding self-inflicted bodily injury:

This insurance does not apply to:

\* \* \*

"Bodily injury" which is self-inflicted on…herself by any person and/or self-inflicted "bodily injury" to which an "insured" is an accomplice or participant, or in which an insured has assisted or directed in any way whatsoever, whether the insured's actions are deemed intentional or not.

*Id.* at LRS CG0001A NRA 04 07, p. 10 of 21.

33.

The Policy also contains an endorsement excluding coverage for all hazards in connection with the designated premises.  The "designated premises" include:

Any location or operation: 1) Which is owned in whole or in part by the individual or organization shown as a named Insured in the Declarations and 2) Which is specifically scheduled under another policy issued by this Insurance Company.

*Id.* at CG 21 00 07 98.

9

426378.1

## COUNT ONE – DECLARATORY JUDGMENT:
## THE POLICY PROVIDES NO COVERAGE FOR FIREARMS INSTRUCTION

34.

Liberty repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

35.

The Underlying Plaintiff alleges that she was injured because Gilbert and/or its employees failed to instruct her to pull her hair back prior to placing the protective headphones over her ears so that the protective headphones would seal around her ear and protect her hearing while she was in the shooting range. This alleged failure to instruct the Underlying Plaintiff occurred when Gilbert and/or its employees provided her with protective headphones following a training course for beginners regarding gun safety.

36.

The Policy explicitly excludes coverage for:

6. "Bodily injury"…due to the rendering or failure to render a professional service related to the following:

   a. Firearms Instruction
   b. Self Defense Instruction
   c. Refuse to be a Victim Instruction

*Id.* at LRS CG0001A NRA 04 07, pp. 8-10 of 21.

37.

Gilbert's liability, if any, arises out of the rendering or failure to render professional services related to firearms instruction given to the Underlying Plaintiff; as a result, there is no coverage for the Underlying Plaintiff's allegations against Gilbert or which may be asserted against any insured.

10

426378.1

38.

Because the Policy excludes coverage for the damages sought by the Underlying Plaintiff in the Underlying Lawsuit, Gilbert and nay insured are not entitled to a defense, indemnity, or any other coverage under the Policy in connection with the Underlying Action or the Underlying Plaintiff's claimed damages.

## COUNT TWO – DECLARATORY JUDGMENT:
## COVERAGE IS BARRED BY LATE NOTICE

39.

Liberty repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

40.

The Policy includes certain conditions that must be met for coverage to exist, including the following:

2. Duties In The Event Of Occurrence, Offense, Claim or Suit

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or offense which may result in a claim.

\* \* \*

   b. If a claim is received by any insured, you must:

      (1) Immediately record the specifics of the claim and the date received; and

      (2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim as soon as practicable.

*Id.* at LRS CG0001A NRA 04 07, p. 14 of 21.

11

426378.1

41.

Liberty was not notified of a potential claim against Gilbert until the Underlying Action was filed in June 2013, although the Underlying Plaintiff's attorney informed Gilbert of her claim against it in October 2012.

42.

This delay in providing notice of the Underlying Plaintiff's claim against Gilbert was unreasonable, and Liberty was prejudiced by this delay. The delay in providing notice precluded Liberty from undertaking any pre-suit investigation and deprived Liberty of the opportunity to consider the pre-suit demand and/or negotiate resolution. Accordingly, coverage is barred by Gilbert's failure to provide timely notice of the Underlying Plaintiff's claim against it and any insured, as required by the Policy, and Gilbert and any insured are not entitled to a defense, indemnity, or any other coverage under the Policy in connection with the Underlying Action or the Underlying Plaintiff's claimed damages.

## COUNT THREE – DECLARATORY JUDGMENT: GILBERT IS NOT A NAMED INSURED

43.

Liberty repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

44.

The Named Insured on the Policy's Declarations Page is Indoor Range Operating Company, LLC. The Policy's Named Insured Endorsement indicates that Burgundy Park Associates, LLC and Charles Gilbert d/b/a Gilbert Indoor Range are also Named Insureds. Ex. "A" at 66056 (8-99).

45.

Gilbert Indoor Range, LLC, the party against which the Underlying Action was brought, is not a Named Insured. As a result, Gilbert is not entitled to a defense, indemnity, or any other coverage under the Policy in connection with the Underlying Action or the Underlying Plaintiff's claimed damages.

## COUNT FOUR – DECLARATORY JUDGMENT: EXPECTED OR INTENDED INJURY EXCLUSION BARS COVERAGE

46.

Liberty repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

47.

The Policy excludes "'[b]odily injury'… expected or intended from the standpoint of the insured." *Id.* LRS CG0001A NRA 04 07, p. 2 of 21.

48.

In the Underlying Action, the Underlying Plaintiff alleges that Gilbert and/or its employees failed to instruct her to pull her hair back prior to placing the protective headphones over her ears, although it is well-known in the shooting range industry that long hair must be pulled away from the ears in order for protective headphones to form a proper seal around the ears.

49.

Based on the allegations made by the Underlying Plaintiff, Gilbert and/or its employees could have reasonably expected that the Underlying Plaintiff would be injured, including but not limited to suffering hearing loss, if she was not properly instructed to pull her hair back prior to placing the protective headphones over her ears when entering the shooting range.

13

50.

Accordingly, the Policy's expected or intended injury exclusions bars coverage for the claims asserted against Gilbert and any insured in the Underlying Action. Therefore, Liberty requests that the Court declare that Gilbert and any insured are not entitled to a defense, indemnity, or any other coverage under the Policy in connection with the Underlying Action or the Underlying Plaintiff's claimed damages.

## COUNT FIVE – DECLARATORY JUDGMENT: SELF-INFLICTED INJURY EXCLUSION BARS COVERAGE

51.

Liberty repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

52.

The Policy indicates that:

This insurance does not apply to:

* * *

"Bodily injury" which is self-inflicted on…herself by any person and/or self-inflicted "bodily injury" to which an "insured" is an accomplice or participant, or in which an insured has assisted or directed in any way whatsoever, whether the insured's actions are deemed intentional or not.

*Id.* at LRS CG0001A NRA 04 07, p. 10 of 21.

53.

The Underlying Plaintiff's alleged hearing loss was self-inflicted because: (1) Plaintiff voluntarily went into the shooting range; and (2) Gilbert and/or its employees participated in her alleged hearing loss by allegedly failing to properly instruct the Underlying Plaintiff regarding the proper use of the protective headphones when entering a shooting range.

14

426378.1

54.

The Underlying Plaintiff's alleged injuries, therefore, are excluded by the Policy's self-inflicted injury exclusion. As a result, Liberty requests that the Court declare that Gilbert and any insured are not entitled to a defense, indemnity, or any other coverage under the Policy in connection with the Underlying Action or the Underlying Plaintiff's claimed damages.

## COUNT SIX – DECLARATORY JUDGMENT: EXCLUSION FOR HAZARDS IN CONNECTION WITH DESIGNATED PREMISES BARS COVERAGE

55.

Liberty repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

56.

The Policy contains an endorsement excluding coverage for all hazards in connection with the designated premises. The "designated premises" include:

> Any location or operation: 1) Which is owned in whole or in part by the individual or organization shown as a named Insured in the Declarations and 2) Which is specifically scheduled under another policy issued by this Insurance Company.

*Id.* at CG 21 00 07 98.

57.

To the extent Gilbert's shooting range is a "designated premises," the Underlying Plaintiff's alleged injuries, which allegedly occurred at Gilbert's shooting range, are excluded by the Policy's exclusion for hazards in connection with designated premises. Therefore, Liberty requests that the Court declare that Gilbert and any insured are not entitled to a defense, indemnity, or any other coverage under the Policy in connection with the Underlying Action or

15

426378.1

the Underlying Plaintiff's claimed damages, to the extent that Gilbert's is a "designated premises" under the Policy.

## COUNT SEVEN – DECLARATORY JUDGMENT:
## MISREPRESENTATION IN APPLICATION BARS COVERAGE

58.

Liberty repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

59.

The Policy provides:

By accepting this policy, you agree:

a.  The statements in the Declarations are accurate and complete;
b.  Those statements are based upon representations that you made to us; and
c.  We have issued this policy in reliance on your representations.

*Id.* at LRS CG0001A NRA 04 07, p. 15 of 21.

60.

Under Maryland law, a policy is voidable where an applicant makes a material misrepresentation and a policy is issued in reliance on that representation.

61.

The application for insurance, based on which the Policy was issued, indicated the shooting range is open to members only.  However, the Underlying Plaintiff was allowed to use the range, although there was no indication she was a member. To the extent Plaintiff was not a member of the shooting range, the representation that the shooting range is open only to members was a material misrepresentation.

16

426378.1

62.

If the true facts of these material misrepresentations had been made known to Liberty as required by the application for insurance, Liberty in good faith would either not have subscribed to the Policy or would not have subscribed to the Policy with the same terms and premium. As a result, the Policy is void *ab initio* and/or Liberty owes nothing under the Policy.

## COUNT EIGHT – DECLARATORY JUDGMENT: NO COVERAGE FOR PUNITIVE DAMAGES

63.

Liberty repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

64.

The Policy excludes punitive damages in the following provision:

This insurance does not apply to:

* * *

Punitive, exemplary, special or consequential damages or the multiple portion of any damages award.

*Id.* LRS CG0001A NRA 04 07, p. 10 of 21.

65.

Liberty is therefore entitled to a declaration that it has no obligation to defend or indemnify Gilbert and any insured with regard to any claim for punitive damages that may be awarded in the Underlying Action.

**WHEREFORE,** Liberty prays for judgment:

(1)     Declaring that Liberty has no duty to defend or indemnify Gilbert and any insured in the Underlying Action or otherwise provide coverage for the Underlying

17

426378.1

Plaintiffs' alleged injuries resulting from her activities at Gilbert's shooting range; and

(2)     Declaring that Liberty has no duty to pay any punitive damages that are awarded to the Underlying Plaintiff in the Underlying action; and

(3)     Awarding Liberty such other and further relief as the Court may deem just and proper.

This 22nd day of August 2013.

Respectfully Submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

_____*/s/*_____
Robert E. Rider, Jr., Esq.
Maryland Bar No.:  05864
8444 Westpark Drive, Suite 510
McLean, VA 22202
Telephone: 703.245.9300
Facsimile: 703.245.9301
Robert.riderjr@wilsonelser.com

*Attorney for Plaintiff Liberty Corporate Capital*

Paul L. Fields, Jr.  (PHV motion forthcoming)
Georgia Bar No.:  003420
Gregory L. Mast   (PHV motion forthcoming)
Georgia Bar No.:  476191
Caitlin M. Crist     (PHV motion forthcoming)
Georgia Bar No.: 892010
FIELDS HOWELL
191 Peachtree Street, NE, Suite 4600
Atlanta, GA 30303
Telephone: 404.214.1250
Facsimile: 404.214.1251

18

pfields@fieldshowell.com
gmast@fieldshowell.com
ccrist@fieldshowell.com

*Of Counsel*

19